## Keiser, Appellant, *v.* Esterly et al.

*Evidence—Interpleader—Execution.*

On an interpleader to determine the ownership of goods taken in execution, where the evidence is that the property was delivered to the defendant in the execution to be used in the construction of a building, and plaintiff claims that the property was sold to him, and not to the defendant in the execution, the case must be submitted to the jury.

Argued Feb. 12, 1894. Appeal, No. 54, July T., 1893, by plaintiff, A. S. Keiser, from judgment of C. P., Schuylkill Co., July T., 1892, No. 330, on verdict for defendants, D. L. Esterly Sons, and The Pottsville Lumber Co., Ltd. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ.

Interpleader to determine the ownership of property levied upon.

At the trial, before GREEN, J., it appeared that D. L. Esterly Sons and the Pottsville Lumber Co., Ltd., defendants, obtained judgments against H. R. Knerr, and issued executions thereon, and certain personal property (building material) claimed by A. S. Keiser, plaintiff, was levied upon by the sheriff. Knerr was a contractor engaged in building a schoolhouse in St. Clair borough. He obtained financial assistance from Keiser, and gave him an assignment of the moneys due upon his contract for building the schoolhouse. Among the persons who furnished materials for the schoolhouse were Smyth & Co. of Williamsport and Stevens of Port Carbon. Smyth & Co. assigned all their interest in their claim for lumber to Keiser. Keiser claimed that the material levied upon had been furnished upon his credit, and that the title to it was in him. Defendants denied this.

Plaintiff's points were as follows:

"1. If the jury believe that the property levied upon by the sheriff on the executions of the defendants above against Knerr was furnished on the credit of the plaintiffs as claimed by them, and not on the credit of Knerr, no part of it could be seized and sold by his, Knerr's, creditors; the levies made on said property by virtue of said executions did not vest any interest therein in the execution creditors. *Answer:* That we have

not affirmed; we have already said as much to you in our general charge; even though the goods may have been furnished by reason of Keiser being responsible for them, that in itself does not make him the owner of the goods. [1]

" 4. That upon the execution by Knerr of the assignment offered in evidence of all moneys due to him, Knerr, under his contract with the school board, and the arrangements made with Keiser as testified to by him, Knerr, concerning the furnishing by Keiser of materials for said building, which is uncontradicted, Knerr, besides being the contractor with the school board, became the agent of Keiser in constructing the building, and even though under such circumstances he, Knerr, bought the property levied upon, it was for his principal's (Keiser's) benefit and use and on his credit, and as such it was Keiser's property, and the verdict of the jury must be for Keiser." Refused. [2]

" 5. Even though the shipments and delivery of the property levied upon were made to Knerr, that in itself would not confer ownership of the property upon Knerr; if the property was not paid for, the party furnishing it could, in order to protect himself, take and reclaim it from Knerr at any time before it was worked in the building, and as it is uncontradicted that Keiser acquired by purchase the right of the parties furnishing such materials or property levied upon before the sheriff's levy, the verdict of the jury must be in favor of Keiser for the property claimed by him. *Answer:* We decline to affirm this point. After the property had been purchased, even though it was not paid for, and had been delivered to the party, then the right to reclaim it was gone." [3]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*S. B. Edwards*, for appellants, cited : Hinchman v. Graham, 2 S. & R. 170; Singerly v. Doerr, 62 Pa. 9; Van Billiard's Adm'rs v. Nace, 1 Grant, 233 ; White v. Miller, 18 Pa. 52.

*John F. Whalen*, for appellees.

PER CURIAM, February 26, 1894:
This is a feigned issue, under the sheriff's interpleader act,

in which the claimant of the goods levied on is plaintiff and the execution creditors of H. R. Knerr—as whose property they were seized—are the defendants.

The burden was on plaintiff to prove that said goods were his when the lien of the executions is alleged to have attached. For that purpose, considerable evidence was presented to the jury. On the other hand, rebutting testimony was introduced by the defendants; and thus the case depended entirely on questions of fact which were for the exclusive determination of the jury, and could not be withdrawn from their consideration. As to the title to some of the property in controversy, they found in favor of the plaintiff, and as to the residue, now under consideration, they found for the defendants. An examination of the record has satisfied us that the questions of fact referred to were fairly submitted with full and adequate instructions as to the law applicable thereto. We find nothing in any of the learned trial judge's rulings that would justify us in sustaining either of the specifications of error.

Judgment affirmed.